UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMSEY TOSSA, RAKIA TOSSA,
SILVIA TOSSA, and RHONDA TOSSA,
                    Plaintiffs,

v.

Federal Task Force Officer (T.F.O.)
ADAM TARDIF, U.S. Drug Enforcement
Agency (D.E.A.); Group Supervisor
KENT KLEINSCHMIDT, D.E.A.;
Federal T.F.O. POWELL, DEA; Special
Agent (S.A.) CHERYL BENEDICT,
D.E.A.; S.A. HOLTEN, D.E.A.; S.A.
FITCH, D.E.A.; S.A. MOORE, D.E.A.;
S.A. WEST, D.E.A.; S.A. HOPKINS,
D.E.A.; Officer HELEN
TSOUROULLIS, Sterling Heights Police
(S.H.P.D.); Officer KENNETH
BRESINSKI, S.H.P.D.; Officer KRISTIE
KAUFMAN, S.H.P.D.; Officer TOM
STECHLY, S.H.P.D.; Officer NANCY
DUPRE, S.H.P.D.; Officer CARLY
HALL, S.H.P.D.; Michigan State Police
Trooper M.T. UNTERBRINK; all in their
individual and/or official capacities; and
the CITY OF STERLING HEIGHTS, a
Municipal Corporation,
                    Defendants.

CASE NO. 14-12319
HON.  Gerald E. Rosen


*FIRST AMENDED COMPLAINT*

_____/

**STEVEN T. BUDAJ, P.C.**
By: Steven T. Budaj (P30154)
*Attorneys for Plaintiffs*
65 Cadillac Square, Suite 2915
Detroit, MI  48226
313-963-9330
stbudaj@counsel.cc

Amy Willey Labenz (P78147)
Of Counsel, Goodman & Hurwitz, P.C.
1394 E. Jefferson Ave.
Detroit, MI 48207
alabenz@goodmanhurwitz.com
*Co-Counsel for Plaintiffs*

1

**GOODMAN & HURWITZ, P.C.**
JULIE H. HURWITZ (P34720)
WILLIAM H. GOODMAN (P14173)
KATHRYN BRUNER JAMES (P71374)
*Attorneys for Plaintiffs*
1394 E. Jefferson Avenue
Detroit, MI 48207
Telephone: 313-567-6170
Facsimile: 313-567-4827
jhurwitz@goodmanhurwitz.com

_____/

## FIRST AMENDED COMPLAINT

NOW COME Plaintiffs RAMSEY TOSSA, RAKIA TOSSA, SILVIA TOSSA, and RHONDA TOSSA, by and through their attorneys, Steven T. Budaj, P.C., Goodman & Hurwitz, P.C., and Amy Willey Labenz, Esq., and for their First Amended Complaint do hereby allege as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiffs RAMSEY TOSSA, RAKIA TOSSA, SILVIA TOSSA, and RHONDA TOSSA seek relief for Defendants' violation, under color of state law, of their rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. §1983.

2.      Defendants caused the Plaintiffs to be subjected to an unreasonable excessive and unlawful search and seizure of their premises and the use of excessive and unreasonable force. As a result the Plaintiffs did sustain both bodily and psychological injury.

2

3.     Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney fees and costs, and such other and further relief as the Court deems proper.

## JURISDICTION

4.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 as this action seeks redress for the violation of Plaintiffs' constitutional and civil rights.

## VENUE

5.     Venue is proper in the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

## JURY DEMAND

6.     Plaintiffs demand a trial by jury in this action on each and every one of their claims.

## PARTIES

7.     Plaintiffs RAMSEY TOSSA, RAKIA TOSSA, SILVIA TOSSA and RHONDA TOSSA are citizens of the United States, and are and at all times relevant herein, were residents of the County of Macomb, State of Michigan.

8.     Defendants TARDIF, POWELL, BENEDICT, HOLTEN, FITCH, MOORE, WEST, HOPKINS, and KLEINSCHMIDT were at all times relevant hereto law enforcement officers and/or supervisors, employed by the

3

aforementioned DEA and other law enforcement agencies and were at all times relevant hereto acting under color of federal and/or state law, and did on July 26, 2011, participate and/or assist in the raid on the home of Plaintiffs, located at 3190 Marc Drive, Sterling Heights, Michigan, while acting under color of state and/or federal law.

9.     Defendant TARDIFF was also, at all times relevant hereto, employed by the City of Hamtramck, Michigan, as a police sergeant, and was acting under color of state law.

10.     Defendant UNTERBRINK was at all times relevant hereto, employed by the Michigan State Police ("MSP") as a Michigan State Trooper, and did on July 26, 2011, participate and/or assist in the raid on the home of Plaintiffs, located at 3190 Marc Drive, Sterling Heights, Michigan, while acting under color of state and/or federal law.

11.     Defendants TSOUROULLIS, BRESINSKI, STECHLY, DUPRE, HALL, and KAUFMAN were at all times relevant hereto, employed by the City of Sterling Heights as police and law enforcement officers, and did on July 26, 2011, participate and/or assist in the raid on the of home of Plaintiffs, located at 3190 Marc Drive, Sterling Heights, Michigan, while acting under color of state and/or federal law.

12.     Defendant CITY OF STERLING HEIGHTS (hereafter "STERLING HEIGHTS") is a municipal corporation so authorized by the laws of the State of

4

Michigan that operates a Police Department as part of its responsibilities and services.

13.     At all times relevant herein, Sterling Heights police officers Defendants TSOUROULLIS, BRESINSKI, STECHLY, DUPRE, HALL, and KAUFMAN, who participated in the incident herein, were acting under color of state law, and so acted under color of regulation, usage, custom, and law, and pursuant to the customs, policies, and practices of Defendant STERLING HEIGHTS.

14.     On July 26, 2011, at approximately 2:20 a.m., all of the aforementioned Defendants, working for the DEA Detroit Enforcement Group 3, the Michigan State Police, and/or the Defendant City of Sterling Heights Police Department, were participants in a raid on the home of the Plaintiffs, located at 3190 Marc Drive, Sterling Heights, Michigan.

15.     At all times relevant herein, in engaging in the conduct described herein, each of the individual Defendants acted under color of law in the course and scope of his/her duties and functions as a law enforcement officer, both on behalf of the United States government, and/or on behalf of state and/or local municipal law enforcement agencies.

16.     At all times relevant herein, the individual Defendants violated rights clearly established under the Constitution and laws of the United States, in particular under the Fourth and Fourteenth Amendments, of which a reasonable

police officer and/or public official, acting under their respective circumstances, would have known.

## FACTS

17.    On July 26, 2011, at approximately 2:20 a.m., Plaintiffs RAMSEY TOSSA, RAKIA TOSSA, SILVIA TOSSA, and RHONDA TOSSA resided at 3190 Marc Drive, Sterling Heights, Michigan. They had lived there for over a year. Plaintiffs RAMSEY TOSSA, 66 years old at the time, and RAKIA TOSSA, 64 years old at the time, are husband and wife; Plaintiffs SILVIA TOSSA and RHONDA TOSSA are the adult daughters of RAMSEY and RAKIA TOSSA.

18.    On July 26, 2011, Defendants executed a search warrant for the aforementioned address.

19.    Defendant TARDIF deliberately and/or recklessly provided misleading, inaccurate, false and incorrect information, to the issuing magistrate and/or judge in order to obtain the warrant without probable cause.

20.    At the aforementioned time and place, Plaintiffs were all at home and asleep when Defendants arrived at that location to execute the aforementioned search warrant.

21.    One or more of the Federal Task Force Officer Defendants banged on the front door without identifying themselves as police officers.

22.    When Plaintiff RAMSEY TOSSA opened the door, one of the Defendants, unknown at this time, grabbed him and knocked him to the floor and

then dragged him outside to his front lawn and forced him to the ground − all the time using unnecessary, excessive and objectively unreasonable force to do so.

23.     As he was forced to the ground, one or more of the Defendants, unknown at this time, applied unnecessary, excessive and unreasonable force on Plaintiff RAMSEY TOSSA's head, neck, chest and back areas. This application of unnecessary, excessive and unreasonable force, all in the presence and view of his wife and two daughters, Plaintiffs RAKIA TOSSA, SILVIA TOSSA, and RHONDA TOSSA, resulted in a serious life threatening obstruction of RAMSEY TOSSA's breathing, as well as other serious discomfort, illness, hearing loss, pain and suffering.

24.     After the Defendants dragged Plaintiff RAMSEY TOSSA out of his house, they dragged Plaintiff RAKIA TOSSA outside, while she was scantily clad (because she had been in bed) and, using excessive, unreasonable and unnecessary force to do so, threw her to the ground and handcuffed her.

25.     Throughout this time all Defendants pointed their guns at Plaintiffs while using obscene and foul language directed at them.

26.     All of the above-described conduct toward Plaintiffs Mr. and Mrs. TOSSA was an objectively unreasonable, excessive and unnecessary use of force.

27.     During the same time period, Defendants rousted Plaintiff SILVIA TOSSA followed by Plaintiff RHONDA TOSSA, who both had been asleep in their bedrooms, out of the house while they were scantily clad (because they had

7

been asleep in bed) and, using excessive, unreasonable and unnecessary force, threw them to the ground and handcuffed them.

28.     Throughout this time, all Defendants used obscene and foul language directed at and in the presence of all the Plaintiffs RAMSEY TOSSA, RAKIA TOSSA, RHONDA TOSSA, and SILVIA TOSSA.

29.     Throughout this time the Defendants pointed firearms at all the Plaintiffs RAMSEY TOSSA, RAKIA TOSSA, RHONDA TOSSA, and SILVIA TOSSA.

30.     Defendants particularly targeted Plaintiffs RHONDA TOSSA and SILVIA TOSSA when they protested the amount of force that Defendants used against their father, which caused serious threat to his physical health and well-being. This was objectively unreasonable, excessive and unnecessary use of force.

31.     At all times during the course of this incident, Plaintiffs cooperated with and did not resist Defendants in their activities or refuse to follow Defendants' orders. Nor did Plaintiffs ever pose a physical threat to Defendants, or what could reasonably be perceived to be a physical threat.

32.     Nevertheless, during the course of the unlawful search, Defendants assaulted Plaintiffs, using objectively unreasonable force, to wit:

a. As to all Plaintiffs RAMSEY TOSSA, RAKIA TOSSA, SILVIA TOSSA, and RHONDA TOSSA, Defendants collectively physically forced them out of their home and onto the ground, handcuffed them, held loaded

8

guns to their heads, thereby threatening to shoot them, and when they

protested the excessive force used on RAMSEY TOSSA, further threatened

them and directed foul and obscene language at them;

    b.  As to Plaintiff RAMSEY TOSSA, Defendants collectively pushed

him, pulled him, forced him to the ground, kneeled on him, leaned on him

and caused him to lose the ability to breathe, thereby triggering and

exacerbating a pre-existing condition of asthma from which he suffered.

    33.  All of the actions set forth in Paragraphs 17-32 were undertaken

publicly and in front of Plaintiffs' neighborhood and neighbors, thereby causing

Plaintiffs shame, embarrassment, degradation and humiliations.

    34.  Throughout this time period, Defendants TARDIF and

KLEINSCHMIDT supervised the actions of each other, as well as Defendants

UNTERBRINK, TSOUROULLIS, BRESINSKI, KAUFMAN, STECHLY,

DUPRE, HALL, and POWELL, BENEDICT, HOLTEN, FITCH, MOORE,

WEST, and HOPKINS, and authorized, approved, condoned, observed and/or

failed to intervene in any of the actions set forth in Paragraphs 17-33, above,

including, but not limited to, the excessive leaning and sitting on RAMSEY

TOSSA that caused his loss of ability to breathe.

    35.  Throughout this time period, Defendants POWELL, BENEDICT,

HOLTEN, FITCH, MOORE, WEST, HOPKINS, DUPRE, HALL, and STECHLY

supervised the actions of each other, as well as of the Defendants TARDIF,

KLEINSCHMIDT, UNTERBRINK, TSOUROULLIS, BRESINSKI, and/or KAUFMAN, and authorized, approved, condoned, observed, and/or failed to intervene in any of the actions set forth in Paragraphs 17-34, above, including, but not limited to, the excessive leaning and sitting on RAMSEY TOSSA that caused his loss of the ability to breathe.

36.     At all times herein all Defendants violated Plaintiffs' rights to protection from an unreasonable search and seizure in that the warrants were executed in an objectively unreasonable and excessive manner as described in Paragraphs 17-35 above.

37.     Each individual Defendant participated in these assaults and the unreasonable execution of the search warrant, in all the specific ways detailed above, through:

      a.  Direct participation,

      b.  Aiding and abetting one another,

      c.  Complicity,

      d.  Authorization,

      e.  Ratification, and/or

      f.  Failure to intervene so as to prevent the aforementioned excessive and unreasonable acts and/or to protect the Plaintiffs from the excessive and wrongful acts of other Defendant law enforcement officers, despite their ability and opportunity to do so.

38.     The individual Defendants' acts and omissions described above were intentional, deliberate, wanton, willful, and/or malicious, and were performed in violation of and with deliberate indifference and/or in reckless disregard of Plaintiffs' rights, secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

39.     As a direct and proximate result of the foregoing actions, Plaintiff RAMSEY TOSSA has suffered the following injuries, among others:

   a.  Physical injury, in particular to his body and his respiratory and cardiac systems, resulting in hearing loss, pain and suffering, past, present and future;

   b.  Loss of earnings and earning capacity;

   c.  Aggravation of pre-existing condition;

   d.  Psychological and emotional injury, past, present and future;

   e.  Degradation, humiliation, mental anguish, suffering, and embarrassment;

   f.  Loss of, and injury to, his reputation;

   g.  Deprivation of liberty; and

   h.  Deprivation and violation of his expectation of his privacy with regard to the intrusion into his home and personal effects.

40.     As a direct and proximate result of the foregoing actions, Plaintiffs RAKIA TOSSA, SILVIA TOSSA, and RHONDA TOSSA have suffered the following injuries, among others:

   a.  Psychological and emotional injury, past, present and future;

   b.  Degradation, humiliation, mental anguish, suffering, and

11

embarrassment;

c.  Loss of earnings and earning capacity;

d.  Loss of, and injury to, their reputations;

e.  Deprivation of liberty; and

f.  Deprivation and violation of their expectations of privacy with regard
to the intrusion into their home and personal effects.

## CLAIMS

### Count I
### Fourth Amendment, United States Constitution
### (*Bivens* claim)

41.    Plaintiffs incorporate by reference the allegations set forth in

Paragraphs 1 through 40, as if fully set forth herein.

42.    At all times herein, the acts of Defendants KLEINSCHMIDT,

TARDIF, POWELL, BENEDICT, HOLTEN, FITCH, MOORE, WEST,

HOPKINS, and all others who were acting under color of Federal and/or State law,

described above, violated Plaintiffs' rights to be free from unreasonable and

excessive physical force, imposed under color of Federal and/or State law by

agents of the United States government, as secured by the Fourth Amendment to

the United States Constitution.

43.    As a direct and proximate result of the foregoing actions, Plaintiff

RAMSEY TOSSA has suffered the following injuries, among others:

a.  Physical injury, in particular to his body and his respiratory and
cardiac systems, resulting in hearing loss, pain and suffering, past,
present and future;

b.  Loss of earnings and earning capacity;

c.  Aggravation of pre-existing condition;

d.  Psychological and emotional injury, past, present and future;

e.  Degradation, humiliation, mental anguish, suffering, and embarrassment;

f.  Loss of, and injury to, his reputation;

g.  Deprivation of liberty; and

h.  Deprivation and violation of his expectation of his privacy with regard to the intrusion into his home and personal effects.

44.    As a direct and proximate result of the foregoing actions, Plaintiffs

RAKIA TOSSA, SILVIA TOSSA and RHONDA TOSSA have suffered the

following injuries, among others:

a.  Psychological and emotional injury, past, present and future;

b.  Degradation, humiliation, mental anguish, suffering, and embarrassment;

c.  Loss of earnings and earning capacity;

d.  Loss of, and injury to, their reputations;

e.  Deprivation of liberty; and

f.  Deprivation and violation of their expectations of privacy with regard to the intrusion into their home and personal effects.

## Count II
## Fourth Amendment, United States Constitution
## Unreasonable Execution of Search Warrant, Entry
## and Search and Seizure
## (*Bivens* claim)

45.    Plaintiffs incorporate by reference the allegations set forth in

13

Paragraphs 1 through 44, as if fully set forth herein.

46.     At all times herein, the acts of Defendants KLEINSCHMIDT, TARDIF, POWELL, BENEDICT, HOLTEN, FITCH, MOORE, WEST, HOPKINS, and all others who were acting under color of Federal and/or State law, as described above, violated Plaintiffs' rights to be free from unreasonable execution of search warrants, unlawful entry onto and into their premises without probable cause, as well as to be free from unreasonable searches and seizures, said rights being secured by the Fourth Amendment to the United States Constitution.

47.     As a direct and proximate result of the foregoing actions, Plaintiff RAMSEY TOSSA has suffered the following injuries, among others:

a. Physical injury, in particular to his body and his respiratory and cardiac systems, resulting in hearing loss, pain and suffering, past, present and future;

b. Loss of earnings and earning capacity;

c. Aggravation of pre-existing condition;

d. Psychological and emotional injury, past, present and future;

e. Degradation, humiliation, mental anguish, suffering, and embarrassment;

f. Loss of, and injury to, his reputation;

g. Deprivation of liberty; and

h. Deprivation and violation of his expectation of his privacy with regard to the intrusion into his home and personal effects.

48.     As a direct and proximate result of the foregoing actions, Plaintiffs RAKIA TOSSA, SILVIA TOSSA, and RHONDA TOSSA have suffered the

14

following injuries, among others:

   a. Psychological and emotional injury, past, present and future;

   b. Degradation, humiliation, mental anguish, suffering, and
      embarrassment;

   c. Loss of earnings and earning capacity;

   d. Loss of, and injury to, their reputations;

   e. Deprivation of liberty; and

   f. Deprivation and violation of their expectations of privacy with regard
      to the intrusion into their home and personal effects.

<u>**Count III**</u>
<u>**42 U.S.C. § 1983 – Excessive Force**</u>
<u>**And Unreasonable Execution**</u>
<u>**of Search Warrant, Entry**</u>
<u>**and Search and Seizure**</u>

49.    Plaintiffs incorporate by reference the allegations set forth in

Paragraphs 1 through 48, as if fully set forth herein.

50.    At all times herein the acts and conduct of Defendants TARDIF,

TSOUROULLIS, BRESINSKI, KAUFMAN, STECHLY, DUPRE, HALL, and

UNTERBRINK, and all others who were acting under color of State law, as

described above, violated Plaintiffs' rights to be free from unreasonable searches

and seizures as secured by the Fourth Amendment to the United States

Constitution. As such, the actions of these Defendants, as set forth above, violated

the rights of the Plaintiffs, similarly secured by the Fourteenth Amendment to the

United States Constitution, to the extent that the actions of these Defendants were

undertaken, in any and all respects, in their capacities as police officers and

supervisors of state and local law enforcement agencies.

51.     As a direct and proximate result of the foregoing actions, Plaintiff

RAMSEY TOSSA has suffered the following injuries, among others:

    a.  Physical injury, in particular to his body and his respiratory and cardiac systems, resulting in hearing loss, pain and suffering, past, present and future;

    b.  Loss of earnings and earning capacity;

    c.  Aggravation of pre-existing condition;

    d.  Psychological and emotional injury, past, present and future;

    e.  Degradation, humiliation, mental anguish, suffering, and embarrassment;

    f.  Loss of, and injury to, his reputation;

    g.  Deprivation of liberty; and

    h.  Deprivation and violation of his expectation of his privacy with regard to the intrusion into his home and personal effects.

52.     As a direct and proximate result of the foregoing actions, Plaintiffs

RAKIA TOSSA, SILVIA TOSSA, and RHONDA TOSSA have suffered the

following injuries, among others:

    a.  Psychological and emotional injury, past, present, and future;

    b.  Degradation, humiliation, mental anguish, suffering, and embarrassment;

    c.  Loss of earnings and earning capacity;

    d.  Loss of, and injury to, their reputations;

    e.  Deprivation of liberty; and

    f.  Deprivation and violation of their expectations of privacy with regard

to the intrusion into their home and personal effects.

## Count IV
## 42 U.S.C. § 1983 – *MONELL* CLAIM
## DEFENDANT STERLING HEIGHTS

53.    Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

54.    At all times herein the Defendant STERLING HEIGHTS had established, promulgated, implemented, and maintained customs, policies and/or practices, with regard to the Defendant STERLING HEIGHTS' Police Department.

55.    The aforementioned customs, policies, and/or practices also include, but are not limited to:

   a. Failure to properly hire, screen, supervise, discipline, transfer, train counsel, or otherwise assure constitutional actions by police officers, including but not limited to the individual police officers who participated in the incident herein, whether named or unnamed as Defendants, who were known or should have been known to engage in unlawful searches and improper use of force;

   b. Creation and implementation of procedures that allow for and promote the use of excessive force in unwarranted and under unjustified circumstances.

56.    These policies and practices with reference to the unlawful search and seizure of the Plaintiffs' premises and excessive use of force, have been implemented, condoned and ratified by the actions and policies of Defendant STERLING HEIGHTS.

17

57.     These policies with reference to the use of excessive and unreasonable force amounted to the ratification of the use of such force and are evidence of the existence of a climate of tolerance and approval of the use of excessive force by its police officers. As such, these policies led directly to and thus proximately caused and were a moving force in the unconstitutional actions of the individual Defendant Police Officers.

58.     As a direct and proximate result of the acts and conduct of the Defendant STERLING HEIGHTS, Plaintiff RAMSEY TOSSA has suffered the following injuries, among others:

    a. Physical injury, in particular to his body and his respiratory and cardiac systems, resulting in hearing loss, pain and suffering, past, present, and future;

    b. Loss of earnings and earning capacity;

    c. Aggravation of pre-existing condition;

    d. Psychological and emotional injury, past, present and future;

    e. Degradation, humiliation, mental anguish, suffering, and embarrassment;

    f. Loss of, and injury to, his reputation;

    g. Deprivation of liberty; and

    h. Deprivation and violation of his expectation of his privacy with regard to the intrusion into his home and personal effects.

59.     As a direct and proximate result of the acts and conduct of the Defendant STERLING HEIGHTS, Plaintiffs RAKIA TOSSA, SILVIA TOSSA, and RHONDA TOSSA have suffered the following injuries, among others:

18

a. Psychological and emotional injury, past, present, and future;

b. Degradation, humiliation, mental anguish, suffering, and embarrassment;

c. Loss of earnings and earning capacity;

d. Loss of, and injury to, their reputations;

e. Deprivation of liberty; and

f. Deprivation and violation of their expectations of privacy with regard to the intrusion into their home and personal effects.

## <u>Count V</u>
## STATE LAW CLAIMS: INDIVIDUAL DEFENDANTS WILLFUL AND WANTON MISCONDUCT, DELIBERATE INDIFFERENCE/GROSS NEGLIGENCE

60.     Plaintiff incorporates by reference the allegations set forth in

Paragraphs 1 through 59 as if fully set forth herein

61.     At all times relevant herein, Defendant individual Police Officers, had

the following ministerial duties, notwithstanding their standard duty of care:

a. To avoid the use of excessive and/or undue force toward the Plaintiffs;

b. To avoid entering onto the Plaintiffs' premises without probable cause or other lawful justification;

c. To avoid the use of abusive verbal assaults and/insults of the Plaintiffs;

d. To obey all statutes, rules, regulations and applicable laws;

e. To prevent the assault or the use of excessive force of the Plaintiffs by the other Defendant officers; and

f. To preserve the peace and protect the lawful rights of citizens, including Plaintiffs herein.

62.     All of the individual Defendants negligently, grossly negligently, recklessly, willfully, wantonly, maliciously, intentionally, knowingly, and/or deliberately breached one or more of the aforesaid duties by:

      a.  Using unjustifiable, unreasonable, excessive, and/or undue force toward the Plaintiffs;

      b.  Entering onto the Plaintiffs' premises without probable cause or other lawful justification;

      c.  Using abusive verbal assaults and/insults of the Plaintiffs;

      d.  Refusing to obey those statutes, rules, regulations and applicable laws pertaining to search, seizure, use of force, and general treatment of persons in the Plaintiffs' situation in the course of their contact with them;

      e.  Failing to stop or prevent the use of excessive force and verbal abuse of the Plaintiffs by the other Defendant officers; and

      f.  Failing and/or refusing to preserve the peace and protect the lawful rights of the Plaintiffs.

63.     Additionally, Defendants breached their aforementioned duties and were wilful and wanton and/or grossly negligent, as defined by statute, to wit: MCLA 691.1407, when they conducted themselves in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury would occur.

64.     As a direct and proximate result of the foregoing actions, Plaintiff RAMSEY TOSSA has suffered the following injuries, among others:

      a.  Physical injury, in particular to his body and his respiratory and cardiac systems, resulting in hearing loss, pain and suffering, past, present, and future;

      b.  Loss of earnings and earning capacity;

    c.  Aggravation of pre-existing condition;

    d.  Psychological and emotional injury, past, present and future;

    e.  Degradation, humiliation, mental anguish, suffering and embarrassment;

    f.  Loss of, and injury to, his reputation;

    g.  Deprivation of liberty; and

    h.  Deprivation and violation of his expectation of his privacy with regard to the intrusion into his home and personal effects.

65.    As a direct and proximate result of the foregoing actions, Plaintiffs RAKIA TOSSA, SILVIA TOSSA, and RHONDA TOSSA have suffered the following injuries, among others:

    a.  Psychological and emotional injury, past, present and future;

    b.  Degradation, humiliation, mental anguish, suffering and embarrassment;

    c.  Loss of earnings and earning capacity;

    d.  Loss of, and injury to, their reputations;

    e.  Deprivation of liberty; and

    f.  Deprivation and violation of their expectations of privacy with regard to the intrusion into their home and personal effects.

**WHEREFORE**, Plaintiffs demand the following relief jointly and severally against all Defendants:

(a)  A declaration that Defendants, all acting under color of Federal and/or State law, violated the constitutional rights of Plaintiffs;

(b)  Compensatory damages for physical, emotional, and economic injuries suffered by Plaintiffs by reason of Defendants' unlawful and unjustified

conduct, in an amount fair, just and reasonable and in conformity with the evidence at trial;

(c)  Punitive and exemplary damages against the individual Defendants to the extent allowable by law;

(d)  Attorneys fees and costs, as allowed, pursuant to 42 U.S.C. §1988;

(e)  The costs and disbursements of this action; and

(f)  Such other and further relief as appears just and proper.


Respectfully submitted,

STEVEN T. BUDAJ, P.C.                          GOODMAN & HURWITZ, P.C.

By: *s/ Steven T. Budaj*_____                 By: *s/Julie H. Hurwitz*_____
Steven T. Budaj (P-30154)                       Julie H. Hurwitz (P34720)
65 Cadillac Square, Suite 2915                   William H. Goodman (P14137)
Detroit, MI  48226                               Kathryn Bruner James (P71374)
313-963-9330                                     1394 E. Jefferson Ave.
stbudaj@counsel.cc                               Detroit, MI 48207
*Attorneys for Plaintiffs*                       313-567-6170
                                                 jhurwitz@goodmanhurwitz.com
-and-                                            *Co-Counsel for Plaintiffs*

                                                 Amy Willey Labenz (P78147)
                                                 Of Counsel, Goodman & Hurwitz, P.C.
                                                 1394 E. Jefferson Ave.
                                                 Detroit, MI 48207
                                                 313-567-6170
                                                 alabenz@goodmanhurwitz.com
                                                 *Co-Counsel for Plaintiffs*

Dated: July 25, 2014