UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RAMSEY TOSSA, *et al*, | Case No. 14-12319 |
| Plaintiffs, | Gerald E. Rosen |
| v. | United States District Judge |
| ADAM TARDIF, *et al*, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**ORDER REGARDING DEFENDANTS' MOTION
TO COMPEL MEDICAL EXAMINATION [86]**

**I.     Background**

Plaintiffs filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants, all members of a multi-jurisdictional law enforcement task force, violated their Fourth Amendment rights when they executed a search warrant at the plaintiffs' home on July 26, 2011.  Distilling the plaintiffs' claims to their essence, they aver that the officers and agents unreasonably searched their home without probable cause and used excessive force in removing the plaintiffs from their home.  Plaintiffs also assert a municipal liability claim against the City of Sterling Heights alleging that the customs, practices and policies implemented by the City condoned and ratified the actions of its officers.  As a result, plaintiffs claim that they suffered, amongst other things, physical, emotional and

psychological injuries attributable to the defendants' actions.

Now before the Court is the defendants' motion to compel a Rule 35 medical examination of plaintiff Rakia Tossa. (Dkt. 86). The matter was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A). (Dkt. 88). The Court, having conducted a hearing in this matter on August 31, 2016, and reviewed the pleadings in their entirety issues this order.

## II.    Parties' Arguments

The parties adroitly distill their dispute in the Joint Statement of Resolved and Unresolved Issues. (Dkt. 105). Plaintiffs do not dispute the necessity of a mental examination of plaintiff Rakia Tossa in light of her claims of emotional and psychological injuries. Rather, plaintiffs maintain that due to the alleged bias of the defendants' expert and Rakia Tossa's purported vulnerability deriving from her limited proficiency with the English language, there is a special need and good reason to record the examination and to have a third-party observer present during the examination.

Defendants maintain that courts disfavor the recording or observation of a Rule 35 mental health examination because such conditions disrupt the exam and may invalidate the result. *Stefan v. Trinity Truck*, 275 F.R.D. 248, 249 (N.D. Ohio 2011). Defendants cite authority from this district that Rule 35 examinations should only be recorded or observed in circumstances of special need or upon a

showing of good reason. *Elder v. Harrison Twp.*, 2014 WL 6668696 at *3-6 (E.D. Mich., Nov. 24, 2014)(Borman, J.); *Lahar v. Oakland Cty.*, 2006 WL 2269340, at *8 (E.D. Mich., Aug. 8, 2006)(Roberts, J.); *Williams v. Serra Chevrolet Automotive, LLC*, 2013 WL 3467314, at *1-2 (E.D. Mich., July 10, 2013)(Majzoub, MJ). A special need permitting recording or observing a Rule 35 exam has typically involved a disabled individual or a minor. *See e.g., Gohl v. Livonia Public Schools*, 2015 WL 1469749, *3-6 (E.D. Mich., Mar. 30, 2015)(Goldsmith, J.); *Ardt ex rel. Parker v. Allstate Ins. Co.*, 2011 WL 768294 At *2 (E.D. Mich., Feb. 28, 2011)(Battani, J.). Evidence of examiner bias can provide the good reason necessary to impose the oversight of either a recording device or third-party observation. *See Williams*, 2013 WL 3467314, at *1-2. However, defendants argue that plaintiffs have established neither justification for departing from the majority's rejection of plaintiff's requested conditions for the Rule 35 examination.

First, defendants assert that Rakia Tossa's alleged difficulty with English is not sufficient to warrant recording or observation. Defendants note that Mrs. Tossa has lived in the United States for 50 years, and was able to conduct a three and one-half hour deposition in English with minimal assistance from an interpreter. Defendants also note that if Mrs. Tossa is truly lacking in English language proficiency, the appropriate remedy would be the attendance of an interpreter at

3

the Rule 35 examination, rather than an attorney or psychiatrist. (Dkt. 86).

Additionally, defendants argue that plaintiffs have not demonstrated that Dr. Benedek, the psychiatrist defendants have engaged to conduct the Rule 35 examination, is likely to produce a biased report. Defendants contend that the type of bias contemplated to meet the special need test is "more than a favorable or unfavorable disposition toward an individual[, but r]ather, it results from an opinion that is *wrongful* either because it is based on knowledge the judge should not possess, or because the opinion is excessively strong." *Cheese v. United States*, 290 F. App'x 827, 380 (6th Cir. 2008). Moreover, defendants argue that any bias perceived by plaintiffs could be addressed adequately on cross-examination (citing *Elder*, 2014 WL 6668696, at *2). (Dkt. 86).

Plaintiffs argue they have met the standard for permitting recording or observation of the Rule 35 examination based upon Rakia Tossa's limitations with English and the bias of Dr. Benedek. *Zantello v. Shelby Twp.*, 2007 WL 737723, at *2 (E.D. Mich., Mar. 7, 2007); *Di Bari v. Incaica Cia Armadora, S.A.*, 126 F.R.D. 12, 14 (E.D. N.Y. 1989). Plaintiffs assert that Dr. Benedek will be biased against Mrs. Tossa because, in a case plaintiffs' counsel had involving Dr. Benedek 26 years ago, Dr. Benedek's report contained discrepancies with the recorded transcript of the evaluation. Plaintiffs also rely on the affidavit of attorney Phillip Serafini as support for Dr. Benedek's bias. Mr. Serafini's

4

affidavit relays his clients' accounts of their experiences with Dr. Benedek's evaluations, including an interrogation-like atmosphere and reports of inaccuracies between her report and their statements during the evaluations in cases unrelated to the instant case. (Dkt. 91-9).

Plaintiffs also urge this Court to exercise its broad discretion in imposing conditions on a Rule 35 examination and to adopt the reasoning of the court in *Kuslick v. Roszczweski*, 2012 WL 899355 (E.D. Mich., Mar. 16, 2012), specifically, that the adversarial nature of Defendants' Medical Examination (DME) justifies safeguards such as recording or observation.

### III. Analysis and Conclusion

Plaintiffs have failed to show that special need or good cause exists to warrant the recording of Mrs Tossa's medical evaluation or the attendance of a third party observer. "The majority of federal courts decline to allow either recording or an observer [of such exams], absent a showing of a special need or good reason." *Elder v. Harrison Twp.*, 2014 WL 6668696, at *3(quoting *Lahar v. Oakland County*, 2006 WL 2269340, at *8); *see also, Williams,* 2013 WL 3467314, at *1–2  (finding that a party desiring to record a Rule 35 exam must demonstrate special need or good cause, which can be shown only "when bias exists or when a party is incompetent" and concluding plaintiff failed to demonstrate either); *Stefan,* 275 F.R.D. at 250("Federal courts have determined

5

that third parties—whether human or electronic—cannot sit in on physical and mental examinations under Federal Civil Rule 35 unless special circumstances require it."); *Cessante v. City of Pontiac*, 2009 WL 1586553, at *3 (E.D. Mich. June 4, 2009) (denying plaintiff's request for a recording of mental examination in the absence of a showing of special need or good reason) (Majzoub, MJ); *Sultan v. Roush Ind., Inc.*, 2008 WL 5188818, at *2 (E.D. Mich. Dec.10, 2008) (Hluchaniuk, MJ) (noting the general rule in federal courts that recordings of Rule 35 exams not be permitted unless the person being examined demonstrates special need or good reason, noting that Rule 35 did not contemplate truly "independent" exams and finding fact that examiner is hired by the adverse party irrelevant to the analysis); *Miller v. Village of Pinckney*, 2008 WL 4190619, at *2 (E.D. Mich. Sept. 9, 2008) (Majzoub, MJ) (noting the general rule of the federal courts that recordings of Rule 35 exams are not allowed and finding plaintiff's argument that an objective recording was required because the facts of the case were in dispute would "apply to most civil actions" and did not supply good cause for the recording).

    Like plaintiffs in *Elder*, plaintiffs here rely principally on *Kuslick*, *supra*. Yet, the court in *Elder* declined to follow *Kuslick's* rationale, noting the following:

> In permitting a recording of plaintiff's psychiatric examination, *Kuslick* relied solely on a 1984 decision from another district and circuit, *Zabkowicz v. West Bend Co.*,

6

> 585 F.Supp. 635 (E.D.Wisc.1984). *Kuslick* did not acknowledge, discuss or distinguish the majority of federal district court cases, including several from this District noted supra, that have concluded that such recordings are not allowed absent a demonstrated special need or good cause... The Court finds the numerous decisions in this District, following "the majority" of federal courts across the country disallowing the presence of third parties and recording devices in Rule 35(a) exams absent special circumstances, to be more persuasive than the unpublished *Kuslick* decision, which is not binding on this Court and does not recognize or analyze the widely accepted special need/good cause standard.

*Elder*, 2014 WL 6668696, at *4. The same observation may be made here. Accordingly, plaintiffs must meet the special need/good cause standard.

Plaintiffs' assertions that Mrs. Tossa's deficiencies in English amount to a special need is not compelling. First, she has been here 50 years, and managed a deposition, arguably a far more onerous test of one's language skills than a psychiatric evaluation, with only minimal assistance from an interpreter. Moreover, as defendants assert, to the extent she needs assistance with language during the evaluation, an interpreter, not an attorney or psychiatrist, would be the appropriate remedy. (Dkt. 86 at 15). A recording would be similarly unhelpful.

Plaintiffs' argument that Dr. Benedek's bias amounts to good cause is equally unpersuasive. To satisfy good cause, a party's claim of bias must go beyond mere accusation. *See Elder*, 2014 WL 6668696, at *5. In *Elder*, the court noted that no court had found the examining doctor's testimony to be "invalid,

unqualified or inherently biased." *Id*. Nor had any court suggested that the doctor "employed questionable examination techniques, that his methods lacked validity or that he intentionally omitted important information in his reports." *Id.* Furthermore, the plaintiff in *Elder* provided no evidence that the doctor's testimony had ever been stricken by a court or that he had failed to qualify as an expert in the field of psychiatric care. *Id*. "That other courts have found the testimony of other physicians to be more credible in a given number of cases does not establish the type of ineffective bias that would support the unusual request to record [the] examination[]." *Id.*

    The same can be said here. As in *Elder*, plaintiffs here have not produced any evidence that would support a finding of bias as that term has been applied in this context. Rather, plaintiffs have adduced (1) excerpts from Dr. Benedek's depositions in other cases where there appear to be factual discrepancies between her testimony and an examination recording, (2) the affidavit of plaintiffs' counsel setting forth her opinion about proceedings from twenty-six years ago for which complete internal records no longer exists, and (3) the affidavit of a different attorney containing his opinion and the second-hand recounting of the experiences of several of his clients with defendants' expert in prior cases unrelated to the instant one.

    Notably, though highlighting alleged factual discrepancies from Dr.

Benedek's prior testimony in other cases, just as in *Elder,* plaintiffs fail to provide any evidence that Dr. Benedek's prior testimony was ever adjudged as invalid, unqualified or inherently biased. Nor do plaintiffs even allege that a court has found that she employed questionable examination techniques, that her methods lacked validity, or that she intentionally omitted important information in her reports. Similarly, the affidavits of plaintiffs' counsel and Mr. Serafini are unavailing. Together, the affidavits merely anecdotally relay instances of alleged factual discrepancy, subjective complaints from prior medical examination subjects concerning the manner of questioning, and the opinions of the attorney affiants—each of which is insufficient individually or in combination to demonstrate the bias of Dr. Benedek.

For the reasons stated above, the Court finds that the DME of Rakia Tossa must take place as set forth below:

Within <u>14</u> days of this order, the parties must file a stipulation setting forth a date, time and location for Mrs. Tossa's DME, which must take place no later than <u>November 14, 2016</u>. The examination must be conducted within 30 miles of Mrs. Tossa's residence. An English language interpreter, will be permitted to attend the examination with Mrs. Tossa. The examination shall not be recorded, and no attorney, physician or other third party observer is permitted to be present during Mrs. Tossa's examination. The stipulation of the parties may include other terms

previously mutually agreed upon by the parties, but **must** contain the terms set forth above.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timley objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: October 14, 2016                     s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on October 14, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                           s/D. Worth
                                           Acting in the absence of
                                           Tammy Hallwood, Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov