UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMSEY TOSSA,

Civil No. 2:14-cv-12319

      Plaintiffs,

v.

Judge Laurie J. Michelson
Mag. Judge Stephanie Dawkins Davis

KENT KLEINSCHMIDT, JEREMY FITCH,
JUSTIN HOLTON, ADAM TARDIF,

      Defendants.

_____/

## PROPOSED JOINT JURY INSTRUCTIONS

As required by the Court's trial scheduling order, and as represented by

signatures below, the parties propose the following jury instructions.

Plaintiff

_____
RAMSEY TOSSA

Attorneys for Defendants

Matthew Schneider
United States Attorney

_____
ZAK TOOMEY (MO 61618)
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-9617
zak.toomey@usdoj.gov

Dated: __7/31__, 2018

Dated: __7/31__, 2018

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## TABLE OF CONTENTS
## PROPOSED JOINT JURY INSTRUCTIONS

No.   Instruction Requested

1.   GENERAL INTRODUCTION ................................................................................1

2.   INSTRUCTIONS APPLY TO EACH PARTY.............................................................2

3.   USE OF NOTES .............................................................................................3

4.   JUROR USE OF ELECTRONIC COMMUNICATION TECHNOLOGIES...............4

5.   MULTIPLE DEFENDANTS ................................................................................5

6.   INFERENCE FROM FILING SUIT ......................................................................6

7.   CONSIDERATION OF EVIDENCE - EVIDENCE IN THE CASE ...........................7

9A.   WHAT IS NOT EVIDENCE ...............................................................................8

9B.   DEMONSTRATIVE EVIDENCE..........................................................................9

8.   STANDARD OF PROOF - PREPONDERANCE OF THE EVIDENCE ...............10

9.   LAWYER INTERVIEWING A WITNESS..............................................................12

10.   STANDARD OF PROOF - "IF YOU FIND" OR "IF YOU DECIDE" - DEFINED....13

11.   STANDARD OF PROOF - "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE – DEFINED ......................................................................................................14

12.   STANDARD OF PROOF - "INFERENCES" DEFINED .........................................15

13.   OPINION WITNESS .......................................................................................16

14.   STANDARD OF PROOF - JURORS MAY TAKE INTO ACCOUNT ORDINARY EXPERIENCE AND OBSERVATIONS ................................................................17

15.   CREDIBILITY OF WITNESSES - DISCREPANCIES IN TESTIMONY ...............18

16.   USE OF VIDEOTAPED TRIAL DEPOSITIONS AS EVIDENCE...........................20

17.   IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENT .......................21

18.   ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED....22

19.   NATURE OF PLAINTIFF'S CLAIMS OF CONSTITUTIONAL VIOLATIONS - GENERALLY.................................................................................................23

20.   NATURE OF PLAINTIFFS' FOURTH AMENDMENT CLAIM - UNLAWFUL SEIZURE .....................................................................................................24

21.   GENERAL:   REQUIREMENT OF PERSONAL INVOLVEMENT .......................26

22.   ESSENTIAL ELEMENTS OF PLAINTIFFS' FOURTH AMENDMENT CLAIMS AGAINST FEDERAL LAW ENFORCEMENT OFFICERS ...................................27

i

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

| | | |
|---|---|---|
| 23. | AUTHORITY OF LAW ENFORCEMENT TO ENFORCE A SEARCH WARRANT | 28 |
| 24. | PLAINTIFF'S FOURTH AMENDMENT CLAIM - EXCESSIVE FORCE | 30 |
| 25. | ELEMENTS OF EXCESSIVE FORCE CLAIM, BASED ON A THEORY OF ACTIVE PARTICIPATION IN THE USE OF FORCE | 31 |
| 26. | ELEMENTS OF EXCESSIVE FORCE CLAIM, BASED ON A THEORY OF FAILURE TO INTERVENE | 33 |
| 27. | PROXIMATE CAUSE | 35 |
| 28. | COMPENSATORY AND NOMINAL DAMAGES | 36 |
| 29. | EMOTIONAL DISTRESS DAMAGES | 37 |
| 30. | PUNITIVE DAMAGES | 38 |
| 31. | EFFECT OF INSTRUCTIONS AS TO DAMAGES | 40 |
| 32. | DUTY TO DELIBERATE | 41 |
| 33. | ELECTION OF FOREPERSON - SPECIAL VERDICT FORM | 42 |
| 34. | VERDICT FORM - JURY'S RESPONSIBILITY | 44 |
| 35. | COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS | 45 |
| | CERTIFICATION OF SERVICE | 46 |

ii

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 1. GENERAL INTRODUCTION

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction alone as stating the law, but consider the instructions as a whole. You are not to be concerned with the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Federal Jury Practice and Instructions (6th ed), § 103:01

1

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 2. INSTRUCTIONS APPLY TO EACH PARTY

Unless I state otherwise, you should consider each instruction given to apply

separately and individually to each plaintiff and to each defendant in the case.


Federal Jury Practice and Instructions (6th ed), § 103:10

2

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

### 3.  USE OF NOTES

You may use the notes taken by you during the trial.   However, the notes should not be substituted for your memory.   Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

Federal Jury Practice and Instructions (6th ed), § 103:02

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 4. JUROR USE OF ELECTRONIC COMMUNICATION TECHNOLOGIES

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or social media, such as a telephone, cellular phone, smart phone, iPhone, computer, the internet, or any text or instant messaging service, or any internet chat room, blog, or website, such as Facebook, LinkedIn, YouTube, Twitter, or Instagram, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

*See* Federal Jury Practice and Instructions (6th ed), § 103:04

4

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 5. MULTIPLE DEFENDANTS

Although there is more than one defendant in this action, it does not follow

from that fact alone that if one defendant is liable to one plaintiff, all defendants are

liable.  Each defendant is entitled to a fair consideration of the evidence.  No

defendant is to be prejudiced should you find against another one.  Unless

otherwise stated, all instructions I give you govern the case as to each defendant.


Federal Jury Practice and Instructions (6th ed), § 103:14

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 6. INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.


Federal Civil Jury Instructions of the Fifth Circuit (2014 ed), § 3.6

6

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 7.  CONSIDERATION OF EVIDENCE - EVIDENCE IN THE CASE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to [*and all facts and events that may have been judicially noticed*].

Statements and arguments by the lawyers are not evidence.   The lawyers are not witnesses.   What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.   However, when the lawyers on both sides stipulate or agree on the evidence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

[*I may take judicial notice of certain facts or events.   When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.*]

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Federal Jury Practice and Instructions (6th ed), § 103:30

7

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

### 9A.   WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, internet, or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.


Federal Civil Jury Instructions of the Seventh Circuit (2010 ed), § 1.06

8

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 9B.   DEMONSTRATIVE EVIDENCE

Certain diagrams of plaintiff's house in Exhibit 9, have been shown to you.

These items are used for convenience and to help explain the facts of the case.

They are not themselves evidence or proof of any facts.


Federal Civil Jury Instructions of the Seventh Circuit (2010 ed), § 1.24

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 8.   STANDARD OF PROOF - PREPONDERANCE OF THE EVIDENCE

Plaintiff Ramsey Tossa has the burden in a civil action, such as this, to prove every essential element of each his claims by a preponderance of the evidence.   If plaintiff Ramsey Tossa should fail to establish any essential element of his claims by a preponderance of the evidence in the case, you should find for the defendants as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.   In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.   This rule does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

10

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

You may have heard of the term "proof beyond a reasonable doubt." This is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

Federal Jury Practice and Instructions (6th ed), § 104:01

11

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 9.   LAWYER INTERVIEWING A WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.


Federal Civil Jury Instructions of the Seventh Circuit (2010 ed), § 1.16

12

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 10.  STANDARD OF PROOF - "IF YOU FIND" OR "IF YOU DECIDE" - DEFINED

When I instruct you that a party has the burden of proof on any proposition,
or use the expression "if you find," or "if you decide," I mean that you must be
persuaded, considering all the evidence in the case, that the proposition is more
probably true than not true.


Federal Jury Practice and Instructions (6th ed), § 104:04

13

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 11.   STANDARD OF PROOF - "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE – DEFINED

Generally speaking, there are two types of evidence that are presented during a trial – direct evidence and circumstantial evidence.   "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.   "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence.   A greater degree of certainty is not required of circumstantial evidence.   You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Federal Jury Practice and Instructions (6th ed), § 104:05

14

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 12.  STANDARD OF PROOF - "INFERENCES" DEFINED

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts that you find have been proved and such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.


Federal Jury Practice and Instructions (6th ed), § 104:20

15

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

### 13. OPINION WITNESS

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony on the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Federal Civil Jury Instructions of the Seventh Circuit (2010 ed), § 1.21

16

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 14.  STANDARD OF PROOF - JURORS MAY TAKE INTO ACCOUNT ORDINARY EXPERIENCE AND OBSERVATIONS

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable.  However, if you have personal knowledge of any particular fact in this case, that knowledge may not be used as evidence.

Michigan Civil Jury Instructions (2007), § 3.11

17

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 15. CREDIBILITY OF WITNESSES - DISCREPANCIES IN TESTIMONY

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict; and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

18

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Federal Jury Practice and Instructions (6th ed), § 105:01

19

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 16. USE OF VIDEOTAPED TRIAL DEPOSITIONS AS EVIDENCE

During the trial, certain testimony has been presented to you by way of videotaped trial depositions. The videotaped trial depositions consisted of sworn, recorded answers to questions asked of witnesses in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented through video recording under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Federal Jury Practice and Instructions (6th ed), § 105:02

20

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 17.  IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENT

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake.  The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Federal Civil Jury Instructions of the Fifth Circuit (2014 ed), § 2.11

21

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

### 18. ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.   Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Federal Jury Practice and Instructions (6th ed), § 105:11

22

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 19.  NATURE OF PLAINTIFF'S CLAIMS OF CONSTITUTIONAL VIOLATIONS - GENERALLY

A plaintiff may seek money damages from a government official who the plaintiff claims has violated his or her constitutional or statutory rights.  If proven, the law allows personal liability based on a federal officer's violation of an individual's rights.

In this case, the plaintiffs' claims are against the four individual defendants, in their personal capacities.  The plaintiffs' claims are not against the United States government or the Drug Enforcement Administration.


*Camreta v. Greene*, 563 U.S. 692, 705 (2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009); *see also* Federal Civil Jury Instructions of the Seventh Circuit (2010 ed), § 7.01.

23

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 20. NATURE OF PLAINTIFFS' FOURTH AMENDMENT CLAIM - UNLAWFUL SEIZURE

Plaintiff Ramsey Tossa claims that the defendants, while acting under color of federal law, intentionally violated his rights under the Fourth Amendment to the Constitution of the United States by subjecting him to excessive force. The plaintiff claims that he was subjected to excessive force when officers secured the house to execute a search warrant for illegal drugs. Specifically, Ramsey Tossa claims that he was unconstitutionally grabbed by the neck, had a gun held to his head, was pushed out of his house, and was made to lie on his front lawn where an officer put one knee on his back and held his head down until he had an asthma attack.

Plaintiff's claims are for a violation of his constitutional rights. He does not have any other claims based on another legal theory.

Each of the defendants deny violating plaintiff's Fourth Amendment rights in any way. Agents Kent Kleinschmidt, Jeremy Fitch, Justin Holton, and Task Force Officer Adam Tardif maintain that they did not mistreat plaintiff and that they behaved appropriately toward Mr. Tossa when removing him from his house and detaining him on his lawn according to their training and the needs of officer and citizen safety. The defendants further claim that they did not participate in, or fail

24

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

to intervene in, any misconduct in this event.

Federal Jury Practice and Instructions (6th ed), § 165:01

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 21. GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT

The plaintiff must prove by a preponderance of the evidence that each of the defendants was personally involved in the conduct that the plaintiff complains about. You may not hold any defendant liable for what another officer did or did not do. Each defendant's liability must be assessed individually based on his or her own actions.

Federal Civil Jury Instructions of the Seventh Circuit (2010 ed.), § 7.02; *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014); *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

26

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 22. ESSENTIAL ELEMENTS OF PLAINTIFFS' FOURTH AMENDMENT CLAIMS AGAINST FEDERAL LAW ENFORCEMENT OFFICERS

In order to prove his claim of constitutional violations by federal law enforcement officers, the burden is upon plaintiff Ramsey Tossa to establish by a preponderance of the evidence each of the following elements:

First: That each defendant performed acts which operated to deprive plaintiff of his Fourth Amendment rights, as defined and explained in these instructions, by subjecting him to excessive force;

Second: That each defendant then and there acted under color of federal law; and

Third: That the acts of each defendant were the proximate cause of damages sustained by each plaintiff.

For the second element of the plaintiffs' claims – that the defendants acted under color of federal law – the parties stipulate that all defendants were acting under color of federal law at the time of the events which are the subject of this suit. Therefore, this second element of plaintiff's claims of constitutional violations by federal law enforcement officers is not disputed.

Federal Jury Practice and Instructions (6th ed), § 165:20

27

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 23. AUTHORITY OF LAW ENFORCEMENT TO ENFORCE A SEARCH WARRANT

There was a search warrant for the plaintiff's house at the time of this incident. A search warrant founded on probable cause permits law enforcement officers to enter a dwelling to search for the items listed in the search warrant. A search warrant also carries with it the limited authority to detain any person on the premises for the duration of the search. That authority allows officers to use the force necessary to detain the occupants.

You are therefore instructed that the defendants had the authority to do all of the following: to enter the plaintiff's house, to search it, to detain anyone at the house for the length of the search, and to use the force necessary to detain them. Also, it is not a constitutional violation for an officer to cause fear by using spoken words by officers, such as profanity.

The issue for you to decide is NOT (1) whether the search warrant was supported by probable cause; (2) whether the manner in which officers entered the house was proper; (3) whether the officers were authorized to detain the occupants of the residence while the search warrant was being executed; (4) whether the officers were authorized to use force, including the use of handcuffs and the display of firearms, to detain the occupants; (5) whether the officers were authorized by the

28

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

search warrant to conduct a search of the residence for illegal drugs; or (6) whether

anyone present used profanity.

Instead, you must decide whether plaintiff was subjected to excessive force

by any of the defendants when officers executed the search warrant.

In other words, the plaintiff is only claiming excessive force. He is not

claiming an invalid search warrant, an improper entry, a wrongful detention, a lack

of authority to use force, an improper search, or use of profanity.


U.S. Const., amend. IV; *Michigan v. United States*, 452 U.S. 692, 701-05
(1981); *Muehler v. Mena*, 544 U.S. 93, 98-99 (2005); *Burchett v. Kiefer*,
310 F.3d 937, 943 (6th Cir. 2002); *United States v. Bohannon*, 225 F.3d
615, 616-18 (6th Cir. 2000); *United States v. Fountain*, 2 F.3d 656, 663 (6th
Cir. 1993), *overruled on other grounds Trepel v. Roadway Express, Inc.*,
194 F.3d 708, 717 (6th Cir. 1999); *Marcilis v. Redford Twp.*, 693 F.3d 589,
599 (6th Cir. 2012); *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir.
1989).

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 24. PLAINTIFF'S FOURTH AMENDMENT CLAIM - EXCESSIVE FORCE

The plaintiff claims that each of the defendants violated his Fourth Amendment right to be free from excessive force, as officers executed a search warrant. Mere presence at the scene of a search, without a showing of direct responsibility for the action, will not subject an officer to liability. To show a claim of excessive use of force in violation of the Fourth Amendment, the plaintiff must show that each of the defendants did one of the following:

(1) actively participated in the use of excessive force; or

(2) perceived another officer's use of excessive force and had the opportunity and ability to intervene, but did not do so.

*Ghandi v. Police Dep't of Detroit*, 747 F.2d 338, 352 (6th Cir. 1984) (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)); *Smoak v. Hall*, 460 F.3d 768, 784 (6th Cir. 2006); *Hays v. Jefferson Cty.*, 668 F.2d 869, 872, 874 (6th Cir. 1982).

30

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 25. ELEMENTS OF EXCESSIVE FORCE CLAIM, BASED ON A THEORY OF ACTIVE PARTICIPATION IN THE USE OF FORCE

The plaintiffs claim that some of the defendants violated their Fourth Amendment right to be free from excessive force by actively participating in excessive force.

In lawfully detaining a person, a law enforcement officer has the right to use such force as is necessary under the circumstances to secure the area and detain individuals. Whether or not the force used in detaining a person was unreasonable is a question to be determined by you in light of all of the evidence received in the case.

You must determine the degree of force that a reasonable and prudent law enforcement officer would have applied to detain a person under the circumstances shown from the evidence received in this case. In determining whether each defendant used excessive force, you may consider:

1.    The extent of the injury suffered;

2.    The need for the application of force;

3.    The relationship between the need and the amount of force used;

4.    The threat reasonably perceived by the responsible officials; and

5.    Any efforts made to temper the severity of a forceful response.

31

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight. The nature of reasonableness must allow for the fact that law enforcement officers are often forced to make split-second judgments – under circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one. The question is whether each defendant's actions were objectively reasonable in light of the facts and circumstances confronting him or her, without regard to his or her underlying intent or motivation.

Federal Jury Practice and Instructions (6th ed), § 165:23; *Graham v. Connor*, 490 U.S. 386, 397 (1989).

32

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 26. ELEMENTS OF EXCESSIVE FORCE CLAIM, BASED ON A THEORY OF FAILURE TO INTERVENE

The plaintiff claims that some of the defendants violated his Fourth Amendment right to be free from excessive force by not intervening to prevent another defendant from allegedly using excessive force on the plaintiffs.

Ramsey Tossa claims that Agents Kleinschmidt and Task Force Officer Tardif failed to intervene to prevent excessive force applied directly to him.

Agents Kleinschmidt and Task Force Officer Tardif deny these claims.

To succeed on a theory of excessive force by failing to intervene, a plaintiff must prove each of the following things by a preponderance of the evidence:

1. An officer used excessive force on a plaintiff;

2. The defendant knew that the officer was about to use excessive force on a plaintiff;

3. The defendant had a realistic opportunity and means to do something to prevent harm from occurring;

4. The defendant failed to take reasonable steps to prevent harm from occurring; and

5. The defendant's failure to act caused a plaintiff to suffer harm.

An officer does not have a duty to intervene if an entire incident unfolds in a

33

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

very short time period.   The use of excessive force must take a long enough time

for a nearby defendant to both recognize what was happening and do something to

stop it.

Federal Civil Jury Instructions of the Seventh Circuit (2010 ed.), § 7.16; *see*
*Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2016); *Turner v. Scott*, 119
F.3d 425, 429 (6th Cir. 1997); *Kowolonek v. Moore*, 463 Fed. Appx. 531,
539 (6th Cir. 2012); *Ontha v. Rutherford County*, 222 Fed. Appx. 498, 506
(6th Cir. 2007); *Walters v. Stafford*, 317 F. Appx. 479, 487 (6th Cir. 2009).

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

### 27. **PROXIMATE CAUSE**

If you conclude that a defendant violated plaintiff's Fourth Amendment rights, you must also determine if that defendant's conduct was a proximate cause of any injury or damage to the plaintiff.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonable probable consequence of the act or omission.

The plaintiffs have the burden of proving each and every element of their claims by a preponderance of the evidence. If you find that plaintiff has not proved any one of the elements of his or her claim by a preponderance of the evidence, you must return a verdict for the defendants.

Federal Jury Practice and Instructions (6th ed), § 165:50

35

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 28.  COMPENSATORY AND NOMINAL DAMAGES

If you find in favor of plaintiff Ramsey Tossa, you must determine his damages.   The plaintiff has the burden of proving damages by a preponderance of the evidence.   Damages means the amount of money that will reasonably and fairly compensate plaintiff for the deprivation of civil rights proximately caused by each defendant.   Damages may not be based on speculation or sympathy.   They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

1.    The reasonable cost of plaintiff's medical care and hospitalization;

2.    Plaintiff's physical or emotional pain and mental anguish; and

3.    Punitive damages, if any, as I will explain more in these instructions later.

If you find for plaintiff, but you find that he has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar. The mere fact that a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

Federal Jury Practice and Instructions (6th ed), § 165:70

36

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 29. EMOTIONAL DISTRESS DAMAGES

To recover compensatory damages for mental and emotional distress, plaintiff must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but each plaintiff must support his or her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

Federal Civil Jury Instructions of the Fifth Circuit (2014 ed), § 10.12

37

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

### 30. PUNITIVE DAMAGES

If you find for plaintiff, you may, but are not required to, assess punitive damages against a defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to a defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant. You may assess punitive damages only if you find that his or her conduct was malicious or in reckless disregard of a plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring a plaintiff. Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to a plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of a defendant's conduct;

- the impact of that defendant's conduct on a plaintiff;

38

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

- the relationship between that plaintiff and that defendant;

- the likelihood that that defendant would repeat the conduct if an award of
  punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual
  harm that plaintiff suffered.


Federal Civil Jury Instructions of the Seventh Circuit (2010), § 7.24

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 31.  EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only, in the event you should find in favor of the plaintiffs from a preponderance of the evidence in the case in accordance with the other instructions.

Federal Jury Practice and Instructions (6th ed), § 106:02

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

### 32.  DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you.   In order to return a verdict, it is necessary that each juror agree.   Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.   You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.   You are judges – judges of the facts.   Your sole interest is to seek the truth from the evidence in the case.


Federal Jury Practice and Instructions (6th ed), § 106:01


41

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

### 33.  ELECTION OF FOREPERSON - SPECIAL VERDICT FORM

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesman here in Court.  Two special verdict forms, one for each plaintiff, have been prepared for your convenience.  You will take these forms to the jury room.

The special verdict forms set forth several questions that you are to answer. Some of the questions call for a "Yes" or "No" answer, while others call for a monetary amount.  The answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.  You will see from the instructions set forth in the special verdict forms and the wording of the questions themselves that it may not be necessary to answer certain questions depending on your responses to earlier questions.  Simply follow the instructions set forth in the special verdict form and you should have no problem understanding how to complete the form.  When you have completed the special verdict form, the foreperson will then date and sign it; and you will then return with it to the courtroom.

42

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

Federal Jury Practice and Instructions (6th ed), § 106:05, 106:06

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

## 34. VERDICT FORM - JURY'S RESPONSIBILITY

Nothing said in these instructions and nothing in any verdict forms prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Federal Jury Practice and Instructions (6th ed), § 106:07

PROPOSED JOINT JURY INSTRUCTIONS
Case No. 14-cv-12319

### 35.  COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.   No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they, too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to me – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.


Federal Jury Practice and Instructions (6th ed), § 106:08

45

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 6, 2018**, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all ECF participants in this case, I have also sent Mr. Tossa with a paper copy of this filing by U.S. Mail at the address he provided me on July 20, 2018.

*s/Zak Toomey*
Zak Toomey (MO61618)
Assistant U.S. Attorney
